UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, D66671,<br><br>Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN, Warden, et al.,<br><br>Respondent(s). | Case No. 17-cv-03809-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Petitioner, a state prisoner at California State Prison, Sacramento (SAC), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 purportedly challenging a 2016 conviction for possession of a weapon in prison from Del Norte County Superior Court.

But the court dismissed the petition with leave to amend on August 25, 2017 because "the claims in the petition – 'discrimination based on sex, race, religion or national origin,' restrictions on 'freedom of speech' and 'religious freedom,' and 'price-fixing' Pet. at 5, 8 – are conclusory and do not even appear cognizable in habeas under § 2254." Aug. 25, 2017 (ECF No. 8) at 1. The court explained:

> "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.
>
> Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Id. In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas

> corpus.'" <u>Nettles v. Grounds</u>, 830 F.3d 922, 932 (9th Cir. 2016) (en banc) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487 (1973)).
>
> The instant petition for a writ of habeas corpus will be dismissed with leave to amend to set forth claims challenging the fact or duration of petitioner's confinement, if possible and if that is what petitioner wishes. But petitioner must "specify all the grounds for relief available to him" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. See <u>Allard v. Nelson</u>, 423 F.2d 1216, 1217 (9th Cir. 1970).
>
> If petitioner instead wishes to bring claims regarding the circumstances of his confinement, or something else outside the core of habeas corpus, he must do so by filing a new and separate prisoner civil action under § 1983. <u>See</u> <u>Nettles</u>, 830 F.3d at 932.

Aug. 25, 2017 Order at 1-2. The court gave petitioner 28 days to file an amended petition, as set forth above, and warned him that "[f]ailure to file a proper amended petition within the designated time will result in the dismissal of this action." <u>Id.</u> at 3.

Petitioner then filed a motion for relief from the 2016 judgment of conviction from Del Norte County Superior Court under Federal Rules of Civil Procedure 59 and 60. The court promptly denied the motion on the ground that "a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the "exclusive remedy" for a state prisoner seeking "'immediate or speedier release'" from confinement. <u>Skinner v. Switzer</u>, 562 U.S. 521, 533-34 (2011) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005))." Aug. 29, 2017 Order (ECF No. 10) at 1. And again warned petitioner that he had 28 days to file a proper amended petition:

> On August 25, 217, the court dismissed petitioner's original petition for a writ of habeas corpus (ECF No. 1) with leave to amend to set forth claims challenging the fact or duration of his confinement, and made clear that petitioner must "specify all the grounds for relief available to him and state the facts supporting each ground." ECF No. 8 at 2 (citations and internal quotation marks omitted). Petitioner is reminded that failure to file a proper amended petition within the designated time (28 days) will result in the dismissal of this action.

Aug. 29, 2017 Order at 1-2.

Petitioner then filed an amended petition (ECF No. 13), again purportedly challenging a 2016 conviction for possession of a weapon in prison from Del Norte County Superior Court, to

| | |
|---|---|
| 1 | which he now indicates he pleaded no contest, but again raising conclusory claims that do not |
| 2 | appear cognizable under § 2254 – e.g., deprivation of "private real and personal property," "false |
| 3 | imprisonment," "bondage, servitude, slavery," "void marriage ceremony" and "unjust |
| 4 | enrichment," Am. Pet. at 5-6 – and which fail to shift the burden to respondent to answer an order |
| 5 | to show cause. See <u>Allard</u>, 423 F.2d at 1217. The amended petition accordingly will be |
| 6 | DISMISSED. |
| 7 | But in the interest of justice, the dismissal is without prejudice to petitioner filing a new |
| 8 | habeas action in which he sets forth claims challenging the fact or duration of his confinement |
| 9 | with specificity and supporting factual allegations. |
| 10 | **IT IS SO ORDERED**. |
| 11 | Dated: November 14, 2017 |

_____
CHARLES R. BREYER
United States District Judge